HUFFMIRE v. GENERAL ELECTRIC CO.

(Supreme Court, Appellate Division, Third Department. May 5, 1915.)

1. MASTER AND SERVANT ⬅159—INJURIES TO SERVANT—FELLOW SERVANTS.
    A master is not liable for injuries received by a servant, due to his fellow servant's negligence, unless the fellow servant is incompetent.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 318–325; Dec. Dig. ⬅159.]

2. MASTER AND SERVANT ⬅259—INJURIES TO SERVANT—COMPLAINT.
    A complaint charging that plaintiff servant was injured through the negligence of another servant, who was incompetent and careless, raises the issue of the master's negligence in furnishing incompetent fellow servants.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 837–843; Dec. Dig. ⬅259.]

3. MASTER AND SERVANT ⬅201—INJURIES TO SERVANT—LIABILITY OF MASTER.
    Where the negligence of a master concurrently with that of a fellow servant caused an injury, the master was liable.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 515–534; Dec. Dig. ⬅201.]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. MASTER AND SERVANT ☞286, 287—INJURIES TO SERVANT—JURY QUESTION.
   In a personal injury action by a servant, the questions whether the master was negligent in furnishing incompetent fellow servants, and in failing to warn plaintiff or the servant who lighted ovens of a false-work therein, *held* for the jury.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1034, 1036–1042, 1044–1052, 1054–1067; Dec. Dig. ☞286, 287.]

5. APPEAL AND ERROR ☞927—REVIEW—DISMISSAL OF ACTION.
   Where a complaint is dismissed, plaintiff is entitled to the most favorable inferences fairly deducible from the testimony.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. ☞927.]

Appeal from Trial Term, Schenectady County.

Action by Aaron P. Huffmire against the General Electric Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

John R. Parker, of Schenectady (Edgar T. Brackett, of Saratoga Springs, and William E. Bennett, of Schuylerville, of counsel), for appellant.

James O. Carr, of Schenectady (Naylon & Robinson, of Schenectady, of counsel), for respondent.

HOWARD, J. The accident in question occurred in one of the shops of the defendant at Schenectady. In this shop there are ovens, which are simply large rooms 36x12x12 feet in dimension, and these ovens are used for baking cores and molds. The ovens are heated with fuel oil mixed with air, which is introduced into a flue or trench which runs through the bottom of the oven the whole length underneath the floor. It requires some skill and experience in mixing the air and oil, which is done by valves on the outside of the oven. One Jerry Pringle, an experienced man, was usually in charge of this matter, and in fact in charge of the entire operation of the ovens. On the night in question he was absent, and one Piotrowski, a laborer, with some knowledge of the ovens, took his place. The plaintiff, who was night foreman of the shop, did not know until a few minutes before the accident that Pringle was off. The fires in the ovens are lighted from the outside, by sticking a torch through an opening in the wall to the inside, and the metal door to the oven is usually left open for a few minutes when the fire is first lighted to allow the gas to escape. On the afternoon of the day of the accident, Cooper, the furnace engineer of the defendant, had been working with several men making repairs to the trench of the oven in question. A form, or falsework, as it is called, consisting of about 25 pounds of soft, dry wood, was used in making these repairs, and this falsework could only be gotten out by burning it out. Such repairs were common, and the falsework was usually burned out when the fires were started in the ovens in the regular way, although it could be burned out before that with lighted waste. On this occasion it was left in, and neither the plaintiff nor

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Piotrowski were notified about it. The day shift went off at 5:30 p. m., and the night shift came on at 6 p. m. About 8 p. m. one of the ovens exploded and badly burned the plaintiff.

At the close of the evidence a nonsuit was granted. The trial justice wrote no memorandum and made no comments at the time of granting the nonsuit, so that we are wholly uninformed as to the considerations which induced him to grant the motion; but we think the defendant should have been put to its proof.

[1-3] The defendant contends that, if there was any negligence, it was the negligence of Piotrowski in failing to raise the oven door when he lighted the fire. If the accident happened because of the negligence of Piotrowski, unless he was incompetent and inexperienced, the plaintiff cannot recover, for Piotrowski was a fellow servant of the plaintiff; but whether it was his negligence, or the negligence of the defendant, was a question of fact for the jury. The court could not say, as a matter of law, that the negligence of Piotrowski caused the accident. But, assuming that the accident happened because of Piotrowski's negligence, it then became the province of the jury to determine whether he was a competent and experienced man; for the complaint alleges that he was "incompetent and careless," and that the defendant was negligent in furnishing such a man to operate the ovens. Assuming, further, that Piotrowski was a competent man, and also assuming that in this instance he was negligent, that fact would not exonerate the defendant, if the negligence of the defendant concurred in producing the accident. Walters v. Fuller, 74 App. Div. 388, 77 N. Y. Supp. 681; Chiavaroli v. Union Bag & Paper Co., 131 App. Div. 372, 115 N. Y. Supp. 327; Devine v. Hayward, 128 App. Div. 705, 113 N. Y. Supp. 898.

[4] The defendant contends that the evidence fails to show what caused the explosion, and that therefore the plaintiff has failed to show that it was caused by the negligence of the defendant. It is true that direct evidence as to the cause of the explosion was not produced. But direct evidence was not absolutely necessary. Circumstantial evidence is as reliable and convincing and effective, frequently, as direct evidence. In this instance certain cogent circumstances were presented from which a jury might well have reached a conclusion that the defendant had been negligent. The defendant knew that the ovens were liable to blow out, unless properly operated, for some of them had blown out before. The falsework was shown to have been in the flue. This created an additional danger at the time of lighting the oven. Unless extra precautions were taken, there was greater probability of an explosion. Cooper, the defendant's furnace engineer, and also Tandy, the defendant's general foreman of the shop where the explosion occurred, knew of the falsework and yet they failed to notify either the plaintiff or Piotrowski. The jury might fairly have concluded from this evidence that the explosion was caused by lighting the fire in the usual manner with the falsework in the flue—Piotrowski not knowing that it was there. It is contended that it was not necessary to notify Piotrowski of the falsework, for the reason that he could see it plainly as soon as he lighted the fire. But this is not quite certain, for Cooper, the furnace engineer, testified that it would be necessary to get down on the level with the floor in order to look into the flue. Piotrowski not being the regular man in charge of the ovens,

and not being particularly familiar with their operation, was it not negligent on the part of the defendant to fail to notify him of the false-work? This was a question for the jury. Had the plaintiff known of the absence of Pringle, and been notified of the presence of the false-work in the oven, it may be assumed that he would have given the matter his special attention. He knew nothing about the falsework, and did not know of the absence of Pringle until too late.

[5] The complaint having been dismissed, the plaintiff is entitled to the most favorable inferences fairly deducible from the testimony. Therefore, under all the circumstances, we think there were several questions for the jury. They may be briefly summarized as follows: Was the defendant negligent in not notifying either the plaintiff or Piotrowski of the presence of the falsework? Was Piotrowski an incompetent man for the work assigned to him? What was the cause of the explosion? Other questions may also present themselves at a new trial. We are not attempting to limit the subjects for the consideration of the next jury, but are only indicating those which we think should have been submitted to the jury in the box when the nonsuit was granted. The judgment should be reversed, and a new trial granted.

Judgment reversed and new trial granted, with costs to appellant to abide event. All concur.